# EXHIBIT A

**MALAMUT & ASSOCIATES, LLC**
Keith J. Gentes - 036612009
Mark R. Natale - 071292014
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

| | |
|---|---|
| RACHEL DOLENTE<br><br>Plaintiff,<br><br>v.<br><br>AMAZON ,<br>JOHN/ JANE DOES 1-10,<br>fictitious persons; ABC CORP.<br>1-10, fictitious entities<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – GLOUCESTER<br>DOCKET NO.<br><br>*Civil Action*<br><br>COMPLAINT, JURY DEMAND, AND<br>CERTIFICATIONS |

Plaintiff, Rachel Dolente, by and through his attorneys Malamut & Associates, LLC, complaining of the defendants, deposes and says.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Rachel Dolente is always an adult individual who material hereto resided in Gloucester County, the State of New Jersey. At all relevant times, she was employed by Defendant Amazon.

2. Defendant Amazon is a business entity with a location in West Deptford, New Jersey.

3. Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of

1

Defendant Amazon.

4. Venue for this action properly lies in Gloucester County because it is the county of residence for the Plaintiff and is the county where the events comprising this action took place.

## FIRST COUNT

5. Plaintiff repeats and realleges each allegation of the previous sections/counts as if fully set forth herein at length.

6. Plaintiff started working with the company at their fulfillment center located in West Deptford, New Jersey in November of 2019.

7. In or around January of 2020, Plaintiff started feeling pain in her right shoulder which then moved into her neck and spine and both arms and hands.

8. Plaintiff's injuries inhibited one or more major life activities, including but not limited to lifting, and thus qualified as a disability under the New Jersey Law Against Discrimination.

9. In February of 2020, Plaintiff began medical treatment.

10. On or about July 16, 2020, Plaintiff took a medical leave of absence

11. Plaintiff was cleared to return to work on restricted light duty on or about August 26, 2020.

12. However, when she tried to return to work, Plaintiff was told that Amazon was not able to accommodate her work restrictions.

13. However, Plaintiff's work restrictions would still enable her to work less labor-intensive positions.

14. Plaintiff had the education, experience, and qualifications for these less labor-intensive

2

jobs.

15. Defendant Amazon is one of the largest corporations in the world, the facility Plaintiff worked at was very large, and there are numerous large facilities in the surrounding area.

16. The Defendant regularly posts new jobs that Plaintiff is qualified for and are less labor intensive.

17. Plaintiff has repeatedly requested to come back to work with her accommodations and be moved to a less labor-intensive position.

18. However, Amazon has not even tried to accommodate her.

19. Plaintiff has been in constant contact with the Defendant through her medical leave and has provided all medical information that has been suggested.

20. However, Defendant never makes any attempt to allow her to return to work with restrictions.

21. Instead, Defendant only keeps her on an unpaid leave of absence.

22. Defendants insistence on extending her unpaid leave of absence rather than accommodate the Plaintiff has led to the expiration of Plaintiff's medical benefits.

23. Now, Plaintiff is stuck on unpaid status, without benefits, and without any cooperation from Defendant to accommodate her.

24. Defendant has refused to engage in the interactive process, which would lead to Plaintiff finding an open, non-labor-intensive job she is qualified for.

25. Defendant refuses to reasonably accommodate the Plaintiff, and instead simply leaves her on unpaid status without benefits.

26. The most recent example of this tactic occurred during February of 2021, while Plaintiff was waiting for a response to a reasonable accommodation request.

27. Plaintiff submitted all paperwork requested of her, and made every reasonable attempt to come back to the Defendant and work at an open job she was qualified for and could do under her restrictions.

28. Defendant extended her leave of absence until February 28, 2021 while the reasonable accommodation request was pending.

29. However, the leave of absence period came and went, without any response as to Plaintiff's reasonable accommodation.

30. Defendants refuse to engage in a true interactive process, and instead set up an endless system of leave and accommodation requests that are designed to keep Plaintiff out of work and never truly accommodate her.

31. Defendant's refusal to engage in the interactive process, and refusal to accommodate the Plaintiff has led to a de facto termination and/or constructive discharge of the Plaintiff due to her disability, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et. seq.*

32. The upper-level managers of Defendant knew of the refusal to engage in the interactive process or reasonably accommodate the Plaintiff, and rather than correct it, allowed it to happen and participated in it.

33. The upper-level managers of Defendant knew or should have known about the constructive discharge and/or de facto wrongful termination of Plaintiff, and rather than stop it, allowed it to happen and participated in it.

34. Plaintiff suffered emotional distress, upset, and humiliation due to her wrongful termination.

35. Plaintiff suffered and continues to suffer financial loss due to her wrongful termination.

36. In addition, the financial loss contributes to Plaintiff distress, upset, and humiliation.

37. Lastly, the intentional and malicious actions of Defendant and Defendant's upper-level managers justify the imposition of punitive damages.

   **WHEREFORE**, the Plaintiff, Rachel Dolente, demands judgment against the Defendants Amazon, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

## SECOND COUNT

38. Plaintiff repeats and incorporates all previous facts in all previous paragraphs as if stated at length herein.

39. Defendants John/Jane Does 1-10 and ABC Corp., 1-10, are fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of Defendant.

40. The Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendant Amazon in violating the Law Against Discrimination and New Jersey common law.

41. The Defendants John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendant Amazon in wrongfully terminating and/or constructively discharging Plaintiff.

42. The Defendants John/Jane Does 1-10 and ABC Corp. 1-10 are liable, jointly, severally, or in the alternative, to Plaintiff for damages stemming from her wrongful termination in violation of New Jersey Law Against Discrimination and New Jersey common law, including losses, damages, emotional distress, punitive damages, and attorney's fees.

**WHEREFORE**, the Plaintiff, Rachel Dolente, demands judgment against the Defendant Amazon, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination and New Jersey common law; and any and all relief that the Court deems just and proper.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale, Esq.
Mark R. Natale, Esq.

### JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

### NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark R. Natale, Esquire as Trial Counsel.

### CERTIFICATION PURSUANT TO R.4:5-1

I certify that, to the best of my knowledge, the matter in controversy is not the subject matter of another action pending in any or any pending arbitration proceeding and no other action or arbitration proceeding is contemplated. At the present time, I do not know the names of any other parties who should be joined in this action.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), plaintiffs hereby demand production of a copy of all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale, Esq.
Mark R. Natale, Esquire

Date: March 26, 2021

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000338-21**

**Case Caption:** DOLENTE RACHEL VS AMAZON
**Case Initiation Date:** 03/26/2021
**Attorney Name:** MARK R NATALE
**Firm Name:** MALAMUT & ASSOCIATES LLC
**Address:** 457 HADDONFIELD RD STE 500
CHERRY HILL NJ 08002
**Phone:** 8564241808
**Name of Party:** PLAINTIFF : DOLENTE, RACHEL
**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** RACHEL DOLENTE? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
If yes, please identify the requested accommodation:


**Will an interpreter be needed?** NO
If yes, for what language:


**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/26/2021                                                                                                              /s/ MARK R NATALE
Dated                                                                                                                              Signed